# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AMERICAN MOISTURE CONTROL, INC.,**
**d/b/a Stuart & Prior,**

              **Plaintiff,**

**-vs-**                                            **Case No.  6:06-cv-1908-Orl-28KRS**

**DYNAMIC BUILDING RESTORATION, LLC,**
**SOUTHWIND CONDOMINIUM ASSOCIATION, INC.,**
**SEA COAST GARDENS 2 MANAGEMENT RENTAL, INC. ,**
**COLONY BEACH CLUB,**

              **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT DYNAMIC BUILDING RESTORATION, LLC (Doc. No. 61)**
>
> **FILED:** July 6, 2007
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On July 6, 2007, Plaintiff American Moisture Control, Inc. (AMC) filed and served the present motion seeking an order compelling Defendant Dynamic Building Restoration, LLC (Dynamic) to respond to its First Set of Interrogatories and produce documents in response to its Requests for Production.

Pursuant to the Case Management and Scheduling Order, Dynamic was required to file a response to this motion within eleven days after it was served, plus three days for mailing time. Doc. No. 42 at 5 n.2. Dynamic has not filed a response to the motion as of the writing of this order, and the time for doing so has passed. Therefore, I treat the motion as unopposed.

Dynamic has filed a notice indicating that it has served responses to AMC's First Set of Interrogatories numbers one through three. Doc. No. 62. Without further information, however, the Court can not determine whether Dynamic sufficiently complied with AMC's discovery requests. Additionally, Dynamic's notice provides no indication that it served responses to AMC's request for production. Thus, Dynamic's notice is an insufficient response to AMC's motion.

Accordingly, it is **ORDERED** that, on or before August 10, 2007, Dynamic shall provide complete answers to AMC's First Set of Interrogatories. All objections to the interrogatories, other than privilege or protection, have been waived by Dynamic's failure to assert them in a timely response to the interrogatories. To the extent that Dynamic asserts that information responsive to the interrogatories is privileged or protected, Dynamic must assert those objections to each item of information withheld in a privilege log served on or before August 10, 2007. *See* Standing Order Regarding Privilege Logs on the Court's website, Judicial Information, Judge Spaulding.

It is further **ORDERED** that, on or before August 10, 2007, Dynamic shall produce documents responsive to AMC's Requests for Production within its possession, custody, or control for inspection and copying. All objections to the requests, other than privilege or protection, have been waived by Dynamic's failure to assert them in a timely response to the requests. To the extent that Dynamic asserts that responsive documents, or portions thereof, are privileged or protected, it must assert those

objections as to each document, or portion thereof, withheld from production in a privilege log served on or before August 10, 2007.

The privilege log produced by Dynamic, if any privileges or protections are asserted, shall set forth the privilege or protection relied upon and specify as to each item or information, document, or portion thereof, withheld from production the following information:

    a.    The name and job title or capacity of the author or speaker;

    b.    The name and job title or capacity of each recipient or listener;

    c.    The date the information or document was learned or prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

    d.    The title and description of the information or document;

    e.    The subject matter addressed in the information or document;

    f.    The purpose(s) for which it was prepared or communicated; and

    g.    The specific basis for the claim that it is privileged.

The privilege log must be adequate on its face to establish *prima facie* support for the claimed privilege or protection. *See, e.g.,* Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5 (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987)).

AMC also seeks an award of the reasonable expenses it incurred in bringing the present motion. Such relief is provided for under Federal Rule of Civil Procedure 37(a)(4) when a motion to compel is granted and there is no showing that the objections made to the discovery were substantially

justified or that other circumstances make an award of expenses unjust.  Having filed no response to the motion, Dynamic has not presented any basis to conclude that its failure to respond to the discovery request was substantially justified or that other circumstances make an award of expenses unjust.  Accordingly, it is **ORDERED** that, on or before August 10, 2007, Dynamic shall tender to counsel for AMC the sum of $500.00 to compensate the movant, in part, for the attorneys' fees and costs it incurred in filing the motion to compel.

        **DONE** and **ORDERED** in Orlando, Florida on July 24, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties