# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**AMERICAN MOISTURE CONTROL, INC.,**
**d/b/a Stuart & Prior,**

               **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-1908-Orl-28KRS**

**DYNAMIC BUILDING RESTORATION, LLC,**
**SOUTHWIND CONDOMINIUM ASSOCIATION, INC.,**
**SEA COAST GARDENS 2 MANAGEMENT RENTAL, INC.,**
**COLONY BEACH CLUB,**

               **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S RULE 37 MOTION TO STRIKE ANSWER OF AND ENTER DEFAULT JUDGMENT AGAINST DEFENDANT DYNAMIC (Doc. No. 111)**
>
> **FILED:** **March 14, 2008**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

Plaintiff American Moisture Control, Inc. d/b/a Stuart & Prior (American) seeks an Order from the Court striking Defendant Dynamic Building Restoration, LLC (Dynamic)'s answer to the

complaint and entering a default judgement against Dynamic.  Dynamic has not filed a response to the motion as of the writing of this Report and Recommendation, and the time for doing so has passed.  Therefore, I treat the motion as unopposed.

On January 30, 2007, Dynamic filed its answer to the Complaint.  Doc. No. 15.  Thereafter, on July 6, 2007, American filed a motion to compel discovery responses from Dynamic.  Doc. No. 61.  The Court granted the motion and awarded American attorney's fees to compensate American, in part, for costs incurred in filing the motion.  Doc. No. 66.  Dynamic was ordered to respond to American's discovery requests by August 10, 2007.  *Id.* at 2.

After Dynamic failed to respond to American's discovery requests by the date ordered, American filed its second motion to compel.  Doc. No. 74.  The motion was granted and Dynamic was given until October 8, 2007, to serve sworn supplemental answers to American's interrogatories and to produce for inspection and copying all documents responsive to American's request for production.  Doc. No. 82.  Dynamic was cautioned that failure to comply with that Order could result in the imposition of sanctions, "including entry of a default against it which would preclude it from further defending itself in this case."  *Id*. at 2.  In the present motion, American indicates that Dynamic has still not responded to its discovery requests as ordered.  Doc. No. 111 ¶ 9.

On September 7, 2007, Dynamic's counsel filed a motion to withdraw, which was granted.  Doc. Nos. 73, 80.  In the Order granting Dynamic's counsel's motion, Dynamic was cautioned that "Local Rule 2.03(e) requires that a corporation be represented by counsel and that if Dynamic fails to comply with this rule, a default could be entered against it, precluding it from defending itself in this case."  Doc. No. 80 at 2.  No attorney has appeared in this action on Dynamic's behalf.

Federal Rule of Civil Procedure 16(f) provides that if a party fails to obey a pretrial order, the judge may on her own initiative make such orders with regard thereto as are just, including any of the orders provided for in Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii).  Rule 37(b)(2)(A)(iii) permits the Court to strike pleadings, and Rule 37(b)(2)(A)(vi) allows the Court to enter a default against a disobedient party.

It is undisputed that Dynamic has failed to comply with the two orders requiring it to produce discovery responses to American.  Dynamic has received ample notice that its disregard of Court orders could result in the imposition of sanctions, including a default being entered against it.  As Dynamic has failed to comply with Court Orders and has failed to comply with Local Rule 2.03(e), which requires that a corporation be represented by an attorney, sanctions are warranted.

I respectfully recommend that the Court **GRANT** American's Rule 37 motion to the extent it seeks to strike Dynamic's answer, doc. no.111, **STRIKE** Dynamic's answer, and **DIRECT** the Clerk of Court to enter a default against Dynamic.  Based on the history of this case, as summarized above, I find that no lesser sanctions are appropriate in light of Dynamic's repeated and continuing failure to participate in discovery or otherwise defend itself in this action.

American further requests that the Court enter a default judgment against Dynamic.  American is not entitled to entry of a default judgment merely because a default is entered against Dynamic. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  Rather, American must establish that the factual allegations in the Complaint are sufficient, under governing law, to establish that Dynamic is liable.  *Id.*  Because the defaulting defendant does not admit the amount of damages to be awarded, American must also present evidence to support the amount of

damages it seeks. *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).

Finally, American asks that the Court award it costs pursuant to Rule 37(b)(2) for filing the present motion. Rule 37(b)(2) provides that when a party failed to obey an order requiring it to provide discovery responses the Court shall require the party to pay the reasonable expenses, including attorney's fees, caused by the failure. Accordingly, I further recommend that the Court **GRANT** the request for an award of the reasonable attorney's fees and costs incurred in filing the present motion and direct American to substantiate those fees and costs in connection with its motion for a default judgment against Dynamic.

I further **RECOMMEND** that the Court give American thirty days from the date of the ruling on this Report and Recommendation to file a motion for default judgment against Dynamic.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 16, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy