UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMERICAN MOISTURE CONTROL,
INC., d/b/a Stuart & Prior,

                    Plaintiff,

-vs-                                                    Case No.  6:06-cv-1908-Orl-28KRS

DYNAMIC BUILDING RESTORATION,
LLC, SOUTHWIND CONDOMINIUM
ASSOCIATION, INC., SEA COAST
GARDENS 2 MANAGEMENT RENTAL,
INC., COLONY BEACH CLUB,

                    Defendants.

_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motions:

| MOTION: | PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT SEA COAST (Doc. No. 108) |
|---|---|
| FILED: | February 4, 2008 |

| MOTION: | PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT DYNAMIC (Doc. No. 113) |
|---|---|
| FILED: | April 23, 2008 |

## I.    PROCEDURAL HISTORY.

Plaintiff American Moisture Control, Inc. d/b/a Stuart & Prior (Stuart & Prior) alleges that following the 2004 hurricanes that caused destruction in the Gulf Coast region, Defendant Dynamic Building Restoration, LLC (Dynamic) was retained as the general contractor to perform services to restore damaged buildings at a number of locations.  Doc. No. 1 ¶ 11.  Specifically, Dynamic was hired to perform services at condominium complexes owned or operated by Defendant The Southwind Condominium Association, Inc. (Southwind), Sea Coast Gardens 2 Management Rental, Inc. (Sea Coast), and Colony Beach Club (Colony).  *Id.*

Dynamic hired Stuart & Prior as a subcontractor to provide desiccant dehumidification services and equipment at these locations and elsewhere.  *Id.* ¶ 12.  Dynamic agreed to pay Stuart & Prior for its work pursuant to Stuart & Prior's then operative rate sheet.  *Id.*  They further agreed that Stuart & Prior would discount the amount owed by 50% on the equipment costs if Dynamic paid for services rendered within ten business days.  *Id.*

Stuart & Prior performed the agreed upon services at these locations.  *Id.* ¶ 13.  It sent statements to Dynamic showing that it was owned $173,937.66 for the work at Southwind; $216,321.95 for the work at Sea Coast; and, $273,658.63 for the work at Colony.  *Id.*  Dynamic did not promptly pay for these services.  As of the writing of the complaint, $173,937.66 was owed for the work at Southwind; $190,221.95 was owed for the work at Sea Coast; and $273,658.63 was owed for the work at Colony.  *Id.* ¶ 14.

On December 18, 2006, Stuart & Prior filed a five-count complaint.  It alleged in Count One that Dynamic breached its oral contract with Stuart & Prior.  It alleged in Count Two that all

defendants were unjustly enriched by accepting and retaining Stuart & Prior's work without paying for it.  It alleged in Count Three that all of the defendants breached an implied contract with Stuart & Prior to pay for services rendered.  It alleged in Count Four that Dynamic owed payment on its account with Stuart & Prior.  Finally, it alleged in Count Five that Dynamic had an open account with Stuart & Prior pursuant to which additional work had been performed, but not paid, for which Dynamic owed Stuart & Prior $1,023,824.77.  Doc. No. 1.

The defendants were all served with process.  Doc. Nos. 7, 13, 14, 25.  Dynamic filed an answer on January 30, 2007, doc. no. 15, and Southwind and Colony moved to dismiss the complaint shortly thereafter, doc. nos. 23, 32.  Sea Coast failed to respond to the complaint.  Accordingly, at Stuart & Prior's request, the Clerk of Court entered a default against it.  Doc. Nos. 26, 31.

On April 16, 2007, Southwind and Colony's motions to dismiss were denied.  Doc. No. 43.  Thereafter, Colony filed an answer, doc. no. 47, and Southwind filed an answer, counterclaim, and crossclaim against Dynamic, doc. no. 48.

Stuart & Prior and Colony reached a settlement of their dispute, the terms of which were not disclosed.  They filed a stipulation of dismissal, and the Court dismissed Colony on December 6, 2007.  Doc. Nos. 98, 99.  Shortly thereafter, Stuart & Prior and Southwind entered into a confidential settlement agreement, and Southwind was dismissed from the action.  Doc. Nos. 100, 101, 102.  Stuart & Prior also settled a related case that further reduced its claim against Dynamic under Count Five of the complaint. Doc. No. 116 ¶ 4.

On September 7, 2007, Dynamic's counsel moved to withdraw as counsel of record.  Doc. No. 73.  A hearing was held on the motion, which a representative of Dynamic was ordered to attend.

3

Doc. No. 76.  When a representative of Dynamic did not attend the hearing, Dynamic's counsels' motion was granted.  Doc. No. 80.  Thereafter, Stuart & Prior filed a motion to strike Dynamic's answer.  Doc. No. 111.  The Court granted Stuart & Prior's motion to strike and directed the Clerk of Court to enter a default against Dynamic, which was entered on May 7, 2008.  Doc. Nos. 112, 114, 115.

Stuart & Prior now seek a default judgment against Dynamic and Sea Coast.  In support of the motion for a default judgment against Sea Coast, doc. no. 108[1], Stuart & Prior relied on the invoices attached to the complaint.  In support of its motion for a default judgment against Dynamic, doc. no. 113, Stuart & Prior submitted a declaration and supplemental declaration of Patrick Dowling with supporting documents.  Doc. Nos. 113-2 (Dowling Decl.), 116 (Dowling Supp. Decl.).  In response to my order, Stuart & Prior filed under seal a supplemental declaration of Mr. Dowling (Dowling Sealed Decl.).

## II.   LEGAL STANDARD.

A court may enter a default judgment only if the factual allegations of a complaint, which are assumed to be true, provide a sufficient legal basis for such entry.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment.  *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

---

[1] Stuart & Prior incorporated an earlier motion for default judgment, doc. no. 58, in the renewed motion.

4

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded."  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the Clerk of Court may enter a default judgment if the amount due is supported by an affidavit.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the Court will determine the amount of the judgment.  The court may hold a hearing for the purposes of assessing damages.  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)).

**III.   ANALYSIS.**

   *A.   Liability.*

      1.   <u>Count One – Breach of Contract.</u>

The first count of the complaint states a cause of action against Dynamic for breach of contract.  "The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach.  In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance."  *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d Dist. Ct. App. 2006) (internal citations omitted).

Here, the complaint alleges that Stuart & Prior entered into an oral contract with Dynamic, under which Stuart & Prior would be compensated for providing desiccant dehumidification services for Dynamic.  Doc. No. 1 ¶ 18.  Stuart & Prior performed these services at various locations

5

throughout the state of Florida but has not been compensated for its services. *Id.* ¶ 20. Dynamic's failure to pay Stuart & Prior for the services it performed has damaged Stuart & Prior. These allegations, which are deemed admitted, are sufficient to establish that Dynamic breached its oral contract with Stuart & Prior.

2.   <u>Unjust Enrichment</u>.

The second count of the complaint alleges that Dynamic and Sea Coast were unjustly enriched by retaining the benefits of the services that Stuart & Prior provided at Sea Coast's property. Under Florida law, the elements of unjust enrichment are as follows: "'(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.'" *Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1199 (Fla. 4th Dist. Ct. App. 2006)(quoting *Hillman Constr. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th Dist. Ct. App. 1994)).

With respect to Sea Coast, Stuart & Prior alleges that it conferred a benefit on Sea Coast by providing dehumidification services. Doc. No. 1 ¶ 23. Stuart & Prior further alleges that Sea Coast accepted these services and retained the benefit of the services under circumstances that would make it inequitable and unjust for Sea Coast to do so without paying the value of the service. Therefore, the allegations of the complaint are sufficient to establish that Sea Coast is liable for unjust enrichment.

With respect to Dynamic, the Court has already found the allegations of the complaint sufficient to establish breach of the oral contract between Dynamic and Stuart & Prior. Having found that Stuart & Prior established a claim for breach of contract against Dynamic, entitlement to

additional damages under equitable theories is not warranted.  *Cf. Ocean Communs., Inc. v. Bubeck*, 956 So. 2d 1222, 1225 (Fla. 4th Dist. Ct. App. 2007) ("[A] plaintiff cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists.").  Therefore, I recommend that the motion for default judgment as to this cause of action against Dynamic be denied.

        3.     <u>Count Three – Implied Contract</u>.

Stuart & Prior did not address the allegations in Count Three of the complaint in their motions for default judgment.  Accordingly, I conclude that this cause of action has been abandoned.

        4.     <u>Account Stated and Open Account</u>.

The complaint alleges cause of actions against Dynamic for an account stated and an open account.  For an account stated to exist, "there must be an agreement between the parties that a certain balance is correct and due and an express or implicit promise to pay this balance."  *Merrill-Stevens Dry Dock Co. v. Corniche Express*, 400 So. 2d 1286, 1286 (Fla. 3d Dist. Ct. App. 1981).  "[T]he practice of periodic billing in the regular course of dealing may establish an account stated if no objection to the amount of the bill is made within a reasonable time. . . ."  *Fed. Deposit Ins. Corp. v. Brodie*, 602 So. 2d 1358, 1361 (Fla. 3d Dist. Ct. App. 1992).

In the present action, Stuart & Prior alleges that Dynamic established an account with Stuart & Prior for desiccant dehumidification services.  Doc. No. 1 ¶ 30.  Stuart & Prior regularly issued invoices to Dynamic detailing the amount due for the work performed and demanding payment for the services provided to Dynamic.  *Id.* ¶ 31.  Dynamic failed to make payments on the account and

refuses to pay the full amount due.  Stuart & Prior's allegations are sufficient to establish a claim for account stated and open account.

B.      *Damages.*

Dowling is the President of Stuart & Prior.  Dowling Decl. ¶ 2.  He avers that the amounts shown in the invoices issued by Stuart & Prior to Dynamic, copies of which are attached to his declaration, establish the monies owed to Stuart & Prior.[2]  Dowling avers that the amount owed is $895,305.77 from Dynamic, after deducting payments received from Dynamic and through settlements with Southwind and Colony.  Dowling Decl. ¶ 10; Dowling Supp. Decl. ¶ 4; Dowling Sealed Decl. ¶ 10.

Dowling also submitted invoices submitted to Sea Coast.  He avers that, because no payments have been received from Sea Coast, Sea Coast owes Stuart & Prior $216,321.95.  Dowling Sealed Decl. ¶ 11.

Dowling's declarations and supporting exhibits are sufficient to establish the damages owed by Dynamic and Sea Coast.

C.      *Prejudgment Interest.*

Stuart & Prior also requests that the Court award prejudgment interest.  Under Florida law, prejudgment interest is an element of pecuniary damage.  When a fact finder determines the date that payments were due under a contract, that date becomes the date from which prejudgment interest is calculated.  *See, e.g. Berloni S.p.A. v. Della Casa, LLC*, 972 So. 2d 1007, 1012 (Fla. 4th Dist. Ct. App.

---

[2] Although some of the attached exhibits are entitled " estimates," Dowling avers that they reflect services performed and payments due.

2008).  In this case, the record does not establish the date on which each payment was due to Stuart & Prior.

"In diversity cases, the availability and amount of prejudgment interest is ordinarily governed by state law." *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007).  When, as here, the due date for payments has not been established, Florida courts calculate prejudgment interest from the date of the pre-suit demand or the date the complaint was filed, whichever is earlier.  *Berloni S.p.A.*, 972 So. 2d at 1012.  There is no evidence before the Court of the date Stuart & Prior made demands for payment to Dynamic or Sea Coast before the lawsuit was filed.

There is no evidence that the parties agreed to a prejudgment interest rate.  Accordingly, prejudgment interest should run from December 18, 2006, the date the complaint was filed, at the applicable Florida statutory interest rates.  *See, e.g., id.*; *Talking Walls Inc. v. Hartford Casualty Ins. Co.*, No. 1:02-cv-00041-MP-AK, 2005 WL 6011243, at * 3-5 (N.D. Fla. July 5, 2005).

   D.   *Attorneys' Fees.*

In an order dated May 6, 2008, the Honorable John Antoon, II, presiding district judge, awarded Stuart & Prior the reasonable attorneys' fees and costs it incurred in connection with its motion to strike Dynamic's answer.  Doc. No. 114.  Judge Antoon directed Stuart & Prior to substantiate its fees and costs in its motion for default judgment.  *Id.* at 2.

Accordingly, Stuart & Prior filed the Affidavit of Jennifer Good, doc. no. 113-8.  Good avers that she worked 1.10 hours at the rate of $280.00 per hour, and 3.75 hours at the rate of $255.00 per hour.  She avers that S. Bingham worked .60 hours at the rate of $190.00 per hour, and that G. Tamkin

worked .25 hours at the rate of $425 per hour. *Id.* at 2.[3] Good provided no information about the background and experience of these individuals, which is needed for the Court to determine their respective reasonable hourly rates. *See Norman v. Hous. Auth.*, 836 F.2d 1292, 1299, 1305 (11th Cir. 1988).

The Dorsey & Whitney law firm website reflects that Good is an associate with the law firm. She graduated from the Washington University School of Law in 2004. Her requested hourly rates exceed those awarded to third and fourth year associates in the central Florida market. Therefore, I recommend that the Court award Good $175.00 per hour.

The Dorsey & Whitney law firm website reflects that Tamkin is a partner with the law firm. He graduated from the University of Virginia School of Law in 1994. His requested hourly rate exceeds that awarded to partners with fourteen years of experience in the central Florida market. Therefore, I recommend that the Court award Tamkin $275.00 per hour.

The Dorsey & Whitney law firm does not contain a listing for S. Bingham. Accordingly, absent any information establishing her background or experience, I recommend that the Court not award fees for her work.

Good attached a time sheet describing the work performed. The time sheet reflects .25 hours worked by Tamkin and .6 hours worked by Bingham. It shows 14.35 hours worked by Good. Good avers that she adjusted the number of hours for which compensation was sought because the work performed in connection with the motion to strike was useful in preparing the motions for default

---

[3] Stuart & Prior has not submitted evidence of any costs it incurred.

judgment.   I find that the number of hours worked were reasonable, as adjusted, in the absence of objection.

Accordingly, I recommend that the Court award attorneys' fees to Stuart & Prior in the amount of $882.00.[4]

## IV.     RECOMMENDATION.

For the reasons discussed above, I recommend that the Court do the following:

1.     **GRANT** in part Plaintiff's Renewed Motion for Default Judgment as to Defendant Sea Coast (Doc. No. 108) and Plaintiff's Motion for Default Judgment as to Defendant Dynamic (Doc. No. 113);

2.     **FIND** that Dynamic Restoration Building, Inc. is liable to Plaintiff in the amount of $895,305.77, with prejudgment interest calculated from December 18, 2006, at the Florida statutory rate;

3.     **FIND** that Sea Coast Gardens 2 Management Rental, Inc. is liable to Plaintiff, jointly and severally with Dynamic Restoration Building, Inc., in the amount of $216,321.95, with prejudgment interest calculated from December 18, 2006, at the Florida statutory rate;

4.     **FIND** that Dynamic Restoration Building, Inc. is liable to Plaintiff for attorneys' fees in the amount of $882.00;

---

[4]  The fees are calculated as follows: 4.85 hours worked by Good x $175.00 per hour = $ 813.75; .25 hours worked by Tamkin x $275.00 per hour = $68.25.

11

5.      **DIRECT** the Clerk of Court to enter judgments consistent with the Court's

findings and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained

in this report within ten (10) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on August 6, 2008.


_Karla R. Spaulding_
_____
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Any Unrepresented Party

12